The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 8, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 8, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| DONALD M. ALHEIT, SR. & LOIS E. ALHEIT, | ) ) | Case No. 17-14769 |
| Debtors. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| KEITH THOMAS, | ) | Adversary Proceeding |
| Plaintiff. | ) | No. 17-1138 |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD M. ALHEIT, SR. & LOIS E. ALHEIT, | ) ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION[1]

In this adversary proceeding, creditor Keith Thomas seeks a determination that a state court judgment entered against the debtor-defendants is

---

[1] This Opinion is not intended for official publication.

nondischargeable under 11 U.S.C. § 523(a)(6).  The case is currently before the Court on the debtors' motion for summary judgment.  For the reasons that follow, the Court believes that summary judgment should be granted in favor of the debtors, but on grounds not raised by the debtors in their motion.  More specifically, the exception to discharge under § 523(a)(6) simply does not apply to Chapter 13 debtors eligible for a standard discharge under 11 U.S.C. § 1328(a). Accordingly, the Court postpones the trial scheduled for September 6, 2018, as well as all trial-related deadlines. The Court gives the creditor until **August 31, 2018**, to file a response to this order, and gives the debtors until **September 14, 2018**, to file an optional reply.

## JURISDICTION

This Court has jurisdiction to determine this matter under 28 U.S.C. § 1334 and General Order Nos. 84 and 2012-7 by the United States District Court for the Northern District of Ohio.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## PROCEDURAL HISTORY

On November 20, 2017, creditor Keith Thomas filed an adversary complaint against the debtor-defendants Donald and Lois Alheit (Docket No. 1).  After the debtors filed an answer on January 18, 2018 (Docket No. 7), the Court held a

pretrial conference on January 23, 2018, and set trial for September 6, 2018 (Docket No. 8). The debtors then moved for summary judgment (Docket No. 13), which the creditor responded to on July 20, 2018 (Docket No. 14). Following the debtors' motion for an extension of time to file an optional reply brief (Docket No. 15), the Court reviewed the briefs filed thus far in this adversary proceeding.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence

3

is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248 (1986)).  Furthermore, "[a]fter giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party." Fed. R. Civ. P. 56(f); Fed. R. Bankr. P. 7056.

## DISCUSSION

The creditor asserts that the debtors willfully and maliciously sold real and personal property owned by the creditor in violation of a judgment issued by the Lorain County Court of Common Pleas, which stayed any sale of property while civil litigation between the parties remained pending.  When the debtors sold the property within days after issuance of this judgment, the creditor obtained a subsequent judgment for damages and attorney's fees, which was scheduled as a general unsecured debt in the debtors' main bankruptcy case (Docket No. 1). According to the creditor, his state court judgment against the debtors should be excepted from discharge under § 523(a)(6), which prohibits discharge of "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

In their motion for summary judgment, the debtors assert that the judgment is dischargeable, but base their argument on whether their actions actually

4

constituted "willful and malicious injury" under § 523(a)(6) (Docket No. 13). In their motion, the debtors cite a ruling issued by the Lorain County Court of Common Pleas, which denied the creditor's motion for relief from the initial judgment issued by that court. In the ruling, the magistrate judge found that "[Mr. Thomas] has failed to show a fraud committed by [the Alheits] that would constitute grounds for rescission of forbearance, agreement and judgment granted in [the Alheits'] favor." Based on this ruling, the debtors argue that the creditor has presented no evidence in this adversary proceeding that their actions constituted "willful and malicious injury" under § 526(a)(6) which would deem the creditor's judgment against them nondischargeable.

Section 1328 of the Bankruptcy Code provides that "as soon as practicable after completion by the debtor of all payments under [a Chapter 13 plan] . . . the court shall grant the debtor a discharge of all debts provided for by the plan[.]" 11 U.S.C. § 1328(a). Although § 1328(a) contains exceptions to discharge based on certain subdivisions of §523(a), § 523(a)(6) is not one of them. *See Harden v. Caldwell (In re Caldwell),* 895 F.2d 1123, 1126 (6th Cir. 1990) ("a debt which follows a 'willful and malicious injury' cannot be discharged under Chapter 7 of the Bankruptcy Code. But such a debt can be discharged under Chapter 13, which allows the debtor to repay his obligation over time from disposable income.")

5

(citations omitted); *Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843, 859 (Bankr. S.D. Ohio 2014) ("if the Debtor completes all payments required by his Chapter 13 plan and receives a discharge pursuant to § 1328(a), any debt owed . . . arising from a willful and malicious injury to property . . . would be discharged"); *see also Automotive Fin. Corp. v. Morse (In re Morse)*, No. MB 12-081, 2013 WL 5290013, at *1 (B.A.P. 1st Cir. Sept. 11, 2013) (unpublished) ("[Section 1328(a)(2)] notably excludes § 523(a)(6). Thus, a debt arising from willful and malicious injury to property can be subject to a nondischargeability proceeding in a Chapter 7 case per § 523(a)(6) but cannot receive the same treatment in an open, pending Chapter 13 case."). Thus, the § 523(a)(6) exception to discharge is not available for a standard Chapter 13 discharge under 11 U.S.C. § 1328(a).

In contrast to § 1328(a), § 1328(b) outlines when the Court may grant what is commonly known as a hardship discharge to a debtor who has not completed payments under a Chapter 13 plan due to "circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1328(b)(1). Under § 1328(c), all exceptions to discharge listed under § 523—including § 523(a)(6)—are applicable to a hardship discharge under § 1328(b). Thus, while § 523(a)(6) is not applicable in a standard Chapter 13 discharge, it is applicable in a Chapter 13

6

hardship discharge under § 1328(b).  In the present case, however, any claim for nondischargeability under § 523(a)(6) based on a hypothetical hardship discharge is not ripe.  *See Toste v. Smedberg (In re Toste)*, No. EC-13-1266-TaJuKu, 2014 WL 3908139, at *2-*4 (B.A.P. 9th Cir. May 15, 2014) (unpublished) ("[U]nless and until [d]ebtors seek a hardship discharge under § 1328(b), § 523(a)(6) is unavailable as a basis for nondischargeability[.]"); *Romano v. Romano (In re Romano)*, 548 B.R. 39, 44 (Bankr. S.D.N.Y. 2016) (same).

In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act added a new exception to discharge following the completion of payments in a Chapter 13 case.  Section 1328(a)(4) excepts from discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual."  While this exception is "roughly modeled on the exception to discharge in § 523(a)(6) . . . there are important differences."  Keith M. Lunden & William H. Brown, Chapter 13 Bankruptcy § 554.1, at ¶ 1 (4th ed. 2006).  Specifically, § 1328(a)(4) only excepts from discharge restitution or damages awarded as a result of willful or malicious injury by the debtor that caused personal injury or death.  *Id.* at ¶ 4.  Thus, restitution or

7

damages awarded as a result of willful or malicious damage to property are not excepted from discharge pursuant to § 1328(a)(4). *Id.*

In this case, the creditor has not asserted any facts suggesting that the debtors' actions caused personal injury or death. Rather, the creditor asserts that the debtors damaged his property by selling his property in violation of a state court judgment. Thus, without additional facts provided by the creditor, the Court cannot grant an exception to discharge for the creditor's judgment against the debtors pursuant to § 1328(a)(4).

## CONCLUSION

For the reasons stated above, the Court believes that summary judgment should be granted in favor of the debtors, but on grounds not raised by the debtors in their motion. More specifically, the exception to discharge under 11 U.S.C. § 523(a)(6) simply does not apply to Chapter 13 debtors eligible for a standard discharge under 11 U.S.C. § 1328(a). Unless the creditor's response includes evidence that the judgment is nondischargeable pursuant to 11 U.S.C. § 1328(a)(4), the Court will likely enter summary judgment in favor of the debtors under Rule 56(f) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. Accordingly, the Court postpones the trial scheduled for September 6, 2018, as well as all trial-related deadlines. The Court gives the creditor until

8

**August 31, 2018**, to file a response to this order, and gives the debtors until

**September 14, 2018**, to file an optional reply.

    IT IS SO ORDERED.